IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA         *

v.                               *      Case NO.2:06cr147-WKW

LOUIS HERNANDEZ-ARELLANO,        *

    Defendant.                   *

## MOTION TO SUPPRESS

Comes now the Defendant, LOUIS HERNANDEZ-ARELLANO, by and through his counsel, Paul R. Cooper, and pursuant to the Fourth and Fifth Amendments to the United States Constitution, moves this court for an order suppressing all evidence and records seized and obtained by the government and all statements given by defendants as a result of the stop of car. As grounds, he states as follows:

**PROCEDURAL:**

    1. LOUIS HERNANDEZ-ARELLANO was charged along all other co-defendants in a four count indictment for Count 1- the conspiracy to possess with the intent distribute approximately 1000 kilograms of marijuana, in violation of 21 U.S.C. § §841(a)(1)and 846; Count 2- possession with the intent to distribute 240 pounds of marijuana, in violation of 21 U.S.C. §841(a), and aiding and abetting thereto in violation of 18 U.S.C. §2; and Count 4- possession of a firearm in futherance of aforesaid drug trafficking crimes, in violation of 18 U.S.C. §924(c)(1).

    2. In Count 3, only Taveres Mabson is charged with the April

19, 2006 distribution of 7.1 grams of cocaine base, in violation of 21 U.S. C. 841(a)(1).

**FACTS:**

3.  On May 5, 2006 at 10:02 p.m An Alabama State Trooper stopped Co-Defendants Louis Hernandez-Arellano and Ricardo Cajero traveling in a silver Dodge Ram truck. They were stopped north at mile marker 13 on I-85 North. They were stopped on traffic violation for having no license plate and running off the road.

4.  Upon stopping the car, Cajero exited the passenger's seat and ran. He was quickly caught.

5.  Without any word or warning, Hernandez was pulled from the car, put on the ground, and handcuffed. Several other law enforcement officers were involved in the post stop proceedings.

6.  Items were seized from Hernandez, Cajero, and the truck including pagers, telephones, keys, drugs, etc., and 18 bundles of suspected marijuana weighing approximately 200 pounds.

7.  Previously that night at 9:30 p.m., a vehicle very similar to the Silver Dodge Ram was seen driving into the garage at 2000 Green Acres Drive, Montgomery, Alabama, and thereafter leaving. At 12:15 a.m., May 6, 2006, a search warrant for said residence was obtained, where co-defendants Taveres Mabson and Taramesha Fountain lived, and Cajero previously seen on prior dates. At 12:31 a.m. during execution of the search warrant, the firearms alleged in Count 4 and one pound of marijuana were seized in the master

bedroom. Further, about 35 pounds of marijuana were seized in the closed, car garage in a 1993 Chevrolet Caprice, registered to Kendrick Houston at 2627 Lark Drive, Montgomery, Alabama.

8. On April 19, 2006 Mabson allegedly sold 7.1 grams of base cocaine to a Confidential Source (CS) at 2627 Lark Drive, Montgomery, Alabama. On May 5, 2006, this same CS allegedly alerted law enforcement to the various travels and intentions of the parties, so as to set up for joint law enforcement coordination this planned arrest.

**ISSUES PRESENTED:**

9. The alleged traffic violation was a pretext to stopping the vehicle in order to conduct an illegal and unreasonable search and seizure. There were no facts or circumstances upon which to base a violation of Alabama Rules of Road, nor an arrest for federal drug violations. It was objectively conducted without probable cause, without a valid arrest, arrest warrant, a search warrant, or court order, in violation of the Fourth and Fifth Amendments of the United States Constitution. (See Whren v U.S., 116 S.Ct. 1769 (1996), subjective intent of arresting officers in traffic stop is irrelevant). All evidence seized should be excluded by application of Weeks v. U.S., 232 U.S. 383,398 (1914), Mapp v. Ohio, 367 U.S. 643 (1961).

10. A traffic stop is a limited seizure under the Fourth Amendment and analogous to an investigative detention. U.S. v.

Perkins, 348 F. 3rd 965, 969 (11th Cir. 1968). An officer must have "an objective, reasonable suspicion of criminal activity", before he detains an individual for a traffic violation. (Terry v. Ohio, 392 U.S. 1(1968)). It was violation of Terry to have detained longer Hernandez longer than be reasonably necessary in order to conduct a very limited investigation for any minor violation. This Court should determine whether "the facts available to the officer at the moment of the seizure or the search `warrant a man of reasonable caution in the belief' that the action taken was appropriate[.]" Terry v. Ohio, 88 S.Ct. 1868, 1880 (1968).

7. Without reasonable suspicion obtained during a short investigative stop for the minor traffic violation, the prolonged arrest and detention of Hernandez was a violation of the Fourth Amendment. U.S. v. Perkins, 348 F.3rd 965, 970 (11th Cir. 2003), U.S. v. Boyce, 351 F.3rd 1102, 1107 (11th Cir. 2003).

9. The Government did not have probable cause, or objective knowledge of facts and circumstances, or an arrest warrant in order to conduct a traffic stop on the Silver Dodge Ram Truck driven by Hernandez because there was no violation of any traffic code, and there was no probable cause to arrest and detain Hernandez. (See Whren v U.S., 116 S.Ct. 1769 (1996), subjective intent of arresting officers is irrelevant).

10. At 10:00 p.m. on May 5, 2006, the Government did not have probable cause to stop, detain, interrogate, and arrest Hernandez

based upon the seizures and arrests at 2000 Green Acres Drive in Montgomery, Alabama at 12:31 a.m. on May 6, 2006, or prior activities of Mabson at 2627 Lark Drive, Montgomery, Alabama, or sightings of Cajero at the residence on prior ocassions. All evidence seized should be excluded by application of <u>Weeks v. U.S.</u>, 232 U.S. 383,398 (1914), <u>Mapp v. Ohio</u>, 367 U.S. 643 (1961).

11. All evidence, statements, and records obtained and seized from Hernandez and the Silver Dodge Ram Truck are an a result of an illegal search and seizure. As "fruits of the poisonous tree", they should be suppressed. <u>U.S. v. Leon</u>, 468 U.S. 897 (1984), <u>Massachysetts v, Sheppard</u>, 468 U.S. 981 (1984).

S/Paul R. Cooper
Paul R. Cooper
COOPER & COOPER
12 Scott Street
Montgomery, AL 36104
Phone: (334)262-4887
Fax:  (334)262-4880
E-mail: prc@cooperandcooperlaw.com
ASB-1152-R78P

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Terry Moorer, and I hereby certify that I have mailed by United States Postal Service the documentation to the following non-CM/ECF participants: none.

Respectfully Submitted,

S/Paul R. Cooper
Paul R. Cooper (COO022)
COOPER & COOPER
12 Scott Street
Montgomery, AL 36104
Phone: (334)262-4887
Fax:   (334)262-4880
E-mail: prc@cooperandcooperlaw.com
ASB-1152-R78P