IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06-cr-147-WKW |
| | ) | |
| LOUIS HERNANDEZ-ARELLANO | ) | |

**RESPONSE TO MOTION TO SUPPRESS**

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files the above-captioned motion, and as reasons therefore, submits the following:

FACTS

1. On May 5, 2006, a confidential informant (CI) told DEA Agent Neill Thompson Ricardo Cajero had a large quantity of marijuana which Cajero offered to sell to the CI. Agent Thompson and the CI made preparations to obtain the marijuana from defendant Cajero. The CI and Cajero decided to meet at a Liberty gas station on Boyd-Cooper Parkway in Montgomery, AL to complete the transaction. At approximately 8:45 p.m., agents established surveillance at the Liberty gas station. Agent Thompson also sent agents to watch a residence at 2000 Green Acres Drive, Montgomery, AL. From his investigation, Agent Thompson believed 2000 Green Acres Drive was a stash house which held the marijuana Cajero would bring to the CI. Agent Thompson and other officers watched the CI and Cajero meet at the Liberty gas station around 9:20 p.m. During the meeting, Cajero told the CI he would call someone to bring the marijuana to the gas station. Once the courier brought the marijuana to the gas station, the plan was to travel to another location to exchange the money and marijuana. At approximately 9:30 p.m., the CI called Agent Thompson and said the marijuana was going to be on the way and should

arrive shortly.    At approximately 9:40 p.m., Agent Herman saw the garage door open at 2000 Green Acres Drive whereupon Defendant Mabson drove a maroon car out of the garage and parked in the driveway while Defendant Hernandez-Arellano drove a silver Dodge pickup truck into the garage.  Approximately 10 minutes later, defendant Hernandez-Arellano drove the Dodge pickup truck from the garage and away from the house.  Agent Herman relayed his observations to the surveillance team at the Liberty gas station.

Defendant Hernandez-Arellano drove to the Liberty gas station and met with the CI and defendant Cajero.  Defendant Cajero got in the passenger seat of the Dodge pickup driven by defendant Hernandez-Arrellano. The CI rode alone and ahead of the Dodge pickup truck.  While on the way to the transfer point, the CI told Agent Thompson he saw several bundles of marijuana in the Dodge pickup.  Agent Thompson wanted to protect the fact the CI was working with the police for as long as possible.  To cloak the assistance of the CI, Agent Thompson called Trooper Sutley to follow the truck.  Trooper Sutley noticed the truck had no license plate and ran off the road twice.  When the truck came to a stop, defendant Cajero fled on foot but was apprehended by Agent Thompson.  As Trooper Sutley came toward the pickup truck, he could smell marijuana.  When Trooper Sutley came to the door of the pickup, he saw several bundles of marijuana inside the cab. Trooper Sutley took defendant Hernandez-Arellano into custody and found defendant Hernandez-Arrellano had on his person a bag containing approximately two ounces of cocaine. Defendant Hernandez-Arrellano gave a false name to the officers but a check of Immigration records revealed the defendant had been deported several times.  The search of the Dodge pickup truck driven by defendant Hernandez-Arrellano revealed approximately 230 pounds of marijuana and other items of evidentiary value.

At approximately 10:40 p.m., Agent Herman saw defendant Mabson drive away from 2000 Green Acres in a maroon Chrysler. Defendant Mabson traveled to the Bruno's parking lot on Perry Hill Road in Montgomery, Alabama. Defendant Mabson threw down a small bag containing cocaine and marijuana when Agent Herman and another officer approached him. Agent Herman arrested defendant Mabson. After arresting defendant Mabson, Agent Herman went back to his post near 2000 Green Acres Drive. At approximately 11:50 p.m., Agent Herman intercepted defendant Fountain as she began to leave the house in her car. Agent Herman told defendant Fountain that officers were waiting for a search warrant to search the house. Agent Herman advised defendant Fountain of her Miranda rights and asked her whether anyone else was present in the house. Defendant Fountain said her newborn and 11 year old were the only ones inside the house and no one else had been at the residence that evening besides her and her children. A few minutes after the conversation, Judge Margaret Givhan issued a search warrant for 2000 Green Acres Drive. The search revealed marijuana, money and other indicia of narcotics trafficking.

2. Defendant Hernandez-Arellano argues the search is invalid because there was no probable cause to stop the car. The United States submits that the argument is flawed in several respects. First, a traffic infraction is sufficient cause for law enforcement officers to stop a vehicle. See, Whren v. United States, 517 U.S. 806, 811-813 (1996). The failure to display a license plate and running off the road were sufficient traffic offenses to stop defendant Hernandez-Arellano. Ala. Code §§ 32-6-51, 32-5A-80.

Next, an informant's tip, especially when corroborated by other evidence, is sufficient probable cause to search an automobile. United States v. Huebner, 356 F. 3d 807, 816 (7th Cir. 2004). In the case at bar, the CI told Agent Thompson the marijuana

3

would arrive soon and the agents saw defendant Hernandez-Arellano drive a truck from a stash house and come to the Liberty gas station. The CI told Agent Thompson he saw the marijuana inside the truck driven by Hernandez-Arellano. The United States submits the foregoing facts alone established sufficient probable cause to search the truck.

Third, police may conduct a protective search of the passenger area of a vehicle when reasonable articulable suspicion exists to believe weapons may be found within the vehicle. See, Michigan v. Long, 463 U.S. 1032, 1049 (1983). Trooper Sutley was justified in conducting a protective sweep to search for weapons when defendant Cajero fled from the vehicle during the initial phase of the traffic stop. The bundles of marijuana inside the truck were places which could conceal a weapon.

Furthermore, the odor of a controlled substance emanating from a vehicle is sufficient probable cause to justify the warrantless search of the vehicle. United States v. Cephas, 254 F. 3d 488, 495 (4th Cir. 2001); United States v. Turner, 119 F. 3d 18, 19-21 (D.C. Cir. 1997). Trooper Sutley smelled the odor of marijuana emanating from the truck during the traffic stop.

In addition, the marijuana was in plain view inside the truck. Police may seize evidence in plain view without a warrant. Coolidge v. New Hampshire, 403 U.S. 443, 465 (1971).

Finally, defendant Hernandez-Arellano was advised of his rights against self incrimination and elected not to make a statement. Defendant Hernandez-Arellano gave a false name in response to booking questions. Answers to routine booking questions generally do not trigger 5th Amendment concerns. United States v. Jones, 543 F. 2d 1171 (5th Cir. 1976).

3. For the foregoing reasons, the United States submits the motion should be denied.

Respectfully submitted this the 13th day of July, 2006.

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        /s/Terry F. Moorer
        TERRY F. MOORER
        Assistant United States Attorney
        One Court Square, Suite 201
        Montgomery, AL 36104
        Phone: (334)223-7280
        Fax: (334)223-7135
        E-mail: terry.moorer@usdoj.gov
        ASB-1176-O73T

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06-cr-147-WKW |
| | ) | |
| LOUIS HERNANDEZ-ARELLANO | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Paul R. Cooper, Esquire.

Respectfully submitted,

/s/Terry F. Moorer
TERRY F. MOORER
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: terry.moorer@usdoj.gov
ASB-1176-O73T